```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
         v.                    )    Criminal No.   05-262
                               )
FIDEL DIAZ,                    )    18 U.S.C. § 371
                               )
     Defendant.                )
_____)
```

**NOTICE OF INTENT TO USE GRAND JURY TESTIMONY**

The United States of America, appearing by and through undersigned counsel, respectfully informs the court of its potential intent, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(A)(ii), to use grand jury testimony at the sentencing of defendant Fidel DIAZ.

1. On August 4, 2005, the defendant pled guilty to a one-count criminal information charging him with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. Sentencing is scheduled for November 17, 2005.

2. During a phone conversation on November 16, 2005, counsel for the government learned that counsel for the defendant may raise at sentencing the issue of the amount of money received by the defendant for his role in the scheme.

3. Based on the defendant's admissions in his written confession, oral confession, and the factual basis for the plea, the government contends that DIAZ received at least $200,000 from his co-conspirators for his role in the scheme. The defendant indicated during the plea hearing, however, that the amount might

have been less.

4. Both parties agree that the amount of money the defendant received will not affect the calculation of the appropriate Guidelines range. Rather, what matters is the loss to the government. U.S.S.G. §2C1.7(b)(1)(A). Both parties also agree that the loss in this case was between $200,000 and $400,000, which results in a 12-level enhancement to DIAZ's base offense level of 10. U.S.S.G. §2B1.1(b)(1)(G).

5. If the defendant does raise the issue of the amount of money he received, the government will respond with the evidence listed in paragraph three above. It will also seek to corroborate that evidence with a small portion of grand jury testimony.

7. Counsel for the government has discussed this issue with counsel for the defendant and understands that she does not object to the government's use of the testimony.

For the reasons presented above, the government respectfully requests that the court accept this notice and, if the issue of the amount of money received is raised by the defendant, allow the government to introduce the grand jury testimony.

                                  Respectfully,

                                  NOEL L. HILLMAN
                                  Chief
                                  Public Integrity Section

                                        _____
John P. Pearson
James A. Crowell IV
Trial Attorneys
Criminal Division
U.S. Department of Justice
Public Integrity Section
1400 New York Ave., NW
Washington, DC 20005

CERTIFICATE OF SERVICE

    I certify that I have caused a copy of this notice to be served on counsel for the defendant by fax and first class mail on this __th day of November, 2005.

                                                      _____

                                                      John P. Pearson